IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOE LEE WASHINGTON, ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:04-CV-0433-P |
| ) | |
| VICTOR RODRIGUEZ, et al., ) | |
| Defendants. ) | |

### REPORT AND RECOMMENDATION

Pursuant to the provisions of 28 U.S.C. § 636(b) and Order of Reference dated July 26, 2005, the District Court referred plaintiff's letter/motion to reopen case to the undersigned Magistrate Judge for report and recommendation.

### I. BACKGROUND

On March 2, 2004, the Court received plaintiff's complaint filed under 42 U.S.C. § 1983. On March 11, 2004, the Court granted him leave to proceed *in forma pauperis* and informed him that he must "notify the Court of any change of address by filing a written Notice of Change of Address with the Clerk." That order also warned plaintiff that the "[f]ailure to file such notice may result in this case being dismissed for want of prosecution."

On July 22, 2004, the Court mailed plaintiff a Magistrate Judge's Questionnaire. On August 2, 2004, that questionnaire was returned as undeliverable with the notation: "Not in Dallas County Jail." Consequently, the undersigned Magistrate Judge recommended that this action be dismissed without prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b). On September 9, 2004, the District Court accepted that recommendation and dismissed this action without prejudice in accordance with Rule 41(b).

On July 13, 2005, plaintiff submitted a change of address and another application to proceed *in forma pauperis*. On July 22, 2005, the Court received the instant letter/motion in which plaintiff asks the Court to reopen his case because he did not receive the MJQ or subsequent orders of the Court. On July 26, 2005, the District Court referred the letter/motion for report and recommendation.

## II. MOTION TO REOPEN

Nearly a year after closure of this case, plaintiff seeks to reopen it because he did not receive the MJQ or subsequent orders of the Court.

Motions to reopen invoke the discretion of the Court, and the "extent of the court's discretion . . . depends, in the first instance, on the particular Federal Rule of Civil Procedure under which the motion arises." *See Texas A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air. Corp.*, 37 F.3d 1069 (5th Cir. 1994) (*en banc*)). When a party moves for reopening after judgment, the motion "constitutes either a motion to 'alter or amend' under Fed. R. Civ. P. 59(e) or a motion for 'relief from judgment' under Fed. R. Civ. P. 60(b)" depending upon when the party filed the motion. *Id.* Motions filed within ten days of judgment fall under Rule 59(e) whereas later-filed motions fall under Rule 60(b). *Id.*

Because plaintiff filed the instant motion to reopen well after the ten day period for a Rule 59(e) motion, his motion falls under the parameters of Rule 60(b), which provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic

2

      or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Based upon his motion to reopen it appears that plaintiff seeks relief from judgment pursuant to either subparagraph (1) or (6).

      Regardless of which specific subparagraph of Rule 60(b) plaintiff relies upon, he provides no basis to reopen this case.  Although he claims that he did not receive documents from the Court, he provides no explanation for his failure to submit a change of address until July 13, 2005, nearly a year after mailings were first returned to the Court as undeliverable.  He has not shown that he did not receive the mailing although he remained incarcerated in the Dallas County Jail.  He has not shown that he did not receive the mailing due to some clerical or other error of the Court.  He merely relies on the fact that he did not receive court mailings after changing addresses without informing the Court.  Plaintiff has not shown sufficient basis to warrant reopening his case pursuant to Rule 60(b).

      Furthermore, the Court notes that the dismissal of this action was without prejudice.  Consequently, the dismissal does not of itself prevent plaintiff from commencing a new action against defendants on the same factual allegations.  Of course, any new action would be subject to the applicable statute of limitations and other procedural barriers to consideration of its merits.

      For these reasons, the submitted letter/motion justifies no relief from judgment.

## III. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** plaintiff's letter/motion to reopen this case (doc. 12).

SIGNED this 25th day of January, 2006.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of this report and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the report and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE